NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—February, 1883.

## DONOVAN v. MACDOWALL.

*In the matter of the estate of* ELLA SALOMON, *deceased.*

Proper fees for legal services rendered to a testamentary trustee in litiga-
tion resulting in his appointment in place of a predecessor removed,
are, as between a life beneficiary of the trust and the remaindermen,
chargeable to the principal fund.
Cammann v. Cammann, *ante,* 211—distinguished.

HEARING of objections to the account of Henry C.
MacDowall, as trustee under the will of decedent, filed
by Delia Donovan, and others, beneficiaries therein
named. The facts appear sufficiently in the opinion.

DEVELIN & MILLER, *for trustee.*

J. J. LYONS, *for objectors.*

L. M. BOWERS, *special guardian.*

THE SURROGATE.—Certain expenses have been in-
curred by the accounting trustee herein, for legal
services in the litigation which resulted in his ap-
pointment. No objection is made to the sum claimed
for such services, but it is insisted that such sum
should be paid from the life interest of Samuel N.
Salomon, and that it is not properly chargeable upon
the principal fund from which such interest is derived.
This claim does not seem to me to be well founded.

It has been held that the costs attending the discharge of trustees, and the substitution of others, should be paid by a life-tenant, where his conduct was so vexatious as to necessitate the change (Coventry v. Coventry, *1 Keen*, *758*).

It has also been decided that one who, without just cause, has sought to be discharged as trustee is not entitled, in proceedings for the appointment of a successor, to be paid costs from the trust fund (Howard v. Rhodes, *1 Keen*, *581*).

But the cases just cited are not like the case at bar; and my attention has been called to no decision at all inconsistent with the claim of the accounting trustee herein to be reimbursed from the fund. The new appointment was not only for the interest of the *cestui que trust*, but to preserve the fund for those entitled upon his death.

Counsel have cited the recent decision of this court in the case of Cammann (*ante, 211*). It has no application here.